IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT D. SAJEWSKI | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv136 |
| HOPKINS COUNTY HOSPITAL, ET AL. | § | |

MEMORANDUM OPINION AND ORDER ON
APPELLANT'S MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Came on for consideration, Appellant Robert D. Sajewski's motion for leave to proceed *in forma pauperis* on appeal (docket entry #39) from the dismissal of his civil rights lawsuit. He has filed a notice of appeal of the Court's dismissal and final judgment of his lawsuit. *See* Notice of Appeal (docket entry #37).

Title 28 U.S.C. § 1915(a)(3) states that leave to proceed on appeal *in forma pauperis* shall be denied if the district court determines that the appeal is not taken in "good faith" (*i.e.*, if the appeal fails to present a nonfrivolous issue). *Coppedge v. U.S.*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Similarly, under Fed. R. App. P. 24(a)(3)(A), the Appellant is ineligible for *in forma pauperis* status if the Court certifies that the appeal is not taken in "good faith." If the district court finds no "legal points arguable on the merits," then an appeal is not taken in "good faith." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), *reh'g denied*, 719 F.2d 787 5th Cir. 1983); *see also Wai Leung Chu v. United States*, 353 Fed. Appx. 952, 953 (5th Cir. 2009) (per curiam); *Groden v. Kizzia*, 354 Fed. Appx. 36, 36 (5th Cir. 2009) (per curiam); *Walton v. Valdez*, 340 Fed. Appx. 954, 955 (5th Cir. 2009) (per curiam).

For reasons stated in the Report and Recommendation (docket entry #30) and the Order of Dismissal (docket entry #36) adopting it, the Court certifies that the Appellant's appeal is not taken

in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) (To comply with Rule 24 and to inform the Court of Appeals of the reasons for its certification, a district court may incorporate by reference its order dismissing an appellant's claims).

It is accordingly

**ORDERED** that the motion for leave to proceed *in forma pauperis* on appeal (docket entry #39) is **DENIED**.

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), the Appellant may challenge this finding pursuant to *Baugh v. Taylor*, by filing a separate motion to proceed IFP on appeal with the Clerk of Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. *Baugh*, 117 F.3d at 202. The cost to file a motion to proceed on appeal with the Fifth Circuit is calculated below, and if the Appellant moves to proceed on appeal IFP, the prison authorities will be directed to collect the fees as calculated in this order.

Robert D. Sajewski, #1521136, filed a prisoner trust account data sheet with his motion to proceed *in forma pauperis* on appeal. Based on that data sheet, Appellant is assessed an initial partial fee of $24.33. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available, and forward it to the clerk of the district court.

Thereafter, the Appellant shall pay $430.67, the balance of the filing fees, in periodic installments. The Appellant is required to make payments of 20% of the preceding month's income credited to the appellant's prison account until appellant has paid the total filing fee of $455.00. The agency having custody of the prisoner shall collect this amount from the trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and forward it to the clerk of the district court.

If the Appellant moves to proceed on appeal IFP, the clerk shall mail a copy of this order to

the inmate accounting office or other person(s) or entity with responsibility for collecting and remitting to the district court interim filing payments on behalf of prisoners, as designated by the facility in which the prisoner is currently or subsequently confined.

**SIGNED this the 20th day of March, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE